UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONIA ROHOWSKY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.** |
| v. ) | |
| ) | **Hon.** |
| ALEXIAN BROTHERS – AHS ) | |
| MIDWEST REGION HEALTH CO. ) | |
| d/b/a AMITA HEALTH ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, Sonia Rohowsky ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of the defendant, Alexian Brothers – AHS Midwest Region Health Co. d/b/a Amita Health ("Defendant"), states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. 12111 *et seq.* ("ADA") for Defendant subjecting her to a gender and disability based hostile work environment, retaliating against her for complaining of gender based harassment, and for failing to accommodate her disability.

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3. Venue for this action is proper in the United States District Court for the Eastern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District

1

of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

4. Plaintiff filed a charge of discrimination against Defendant the Illinois Department of Human Rights, which was cross filed with the Equal Employment Opportunity Commission (Exhibit A). Thereafter, Plaintiff was sent a notice of right to sue on that charge from the EEOC (Exhibit B). Plaintiff timely filed this lawsuit with the United States District Court of the Eastern District of Illinois within 90 days of her receipt of the notice of right to sue.

## PARTIES

5. Plaintiff is an adult, female individual and a resident of Mt. Prospect, Illinois.

6. Defendant is a domestic not-for-profit corporation organized under the laws of the State of Illinois doing business in Illinois affecting interstate commerce.

7. At all times relevant to the allegations herein, Defendant was an "employer" of Plaintiff as that term is defined under Title VII, 42 U.S.C. § 2000e(b) and the Americans with Disabilities Act, 42 U.S.C. § 12111(5).

8. At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under Title VII, 42 U.S.C. § 2000e(f) and the Americans with Disabilities Act, 42 U.S.C. § 12111(4).

## FACTUAL ALLEGATIONS

9. Plaintiff began employment with Defendant on or around April 31, 2018, with her most recent position being clinical mission integration program manager.

10. At all times relevant to the allegations herein, Plaintiff met or exceeded Defendant's reasonable work performance expectations.

11. Plaintiff has been diagnosed with the recognized disabilities of bilateral

pulmonary embolism, asthma, and hypertension, which substantially limit her in several daily life activities and bodily functions including, but not limited to breathing and regulating blood pressure.

12. On or about January 30, 2020, one of Plaintiff's coworkers, Lisa Tamez, initiated a conversation wherein she stated that homosexuality was not accepted by her church but she is sure that homosexuals still go to church but do not disclose their sexual orientation. Plaintiff tried to change the topic of conversation, but Ms. Tamez again brough up the topic of sexual orientation and said that Plaintiff could talk to her about anything, which Plaintiff interpreted as Ms. Tamez assuming that she was gay due to a perception that Plaintiff did not conform to gender stereotypes and asking her to disclose her sexual orientation.

13. On or about February 24, 2020, Plaintiff met with one of her managers, Mark Bonarenko, to complain about the sexual harassment from Ms. Tamez. During the meeting, Mr. Bonarenko said that he did not think that Plaintiff was gay when he met her and they discussed that the reasons that Ms. Tamez may think Plaintiff is gay is because Plaintiff has facial hair, dresses up as a man for Civil War reenactments, and because Plaintiff occasionally wears her wedding ring on her right hand because she is Eastern Orthodox.

14. Plaintiff explained to Mr. Bonarenko that she had previously complained to her director, Heather Hoffman, about a similar occurrence in or around June of 2018 where a previous coworker of Ms. Hoffman indirectly inquired about Plaintiff's sexual orientation. At that time, Ms. Hoffman simply directed Plaintiff to not speak with the coworker anymore.

15. Plaintiff further explained to Mr. Bonarenko that she did not feel like Ms. Hoffman had kept her previous complaint to her confidential as the conversation that she had with Ms. Tamez was so similar to the conversation that she previously had with her other

coworker. Plaintiff told Mr. Bonarenko that she felt like her coworkers were gossiping about her and had made many comments to her that made her feel uncomfortable. For these reasons, Plaintiff explained that she did not feel comfortable complaining again to Ms. Hoffman.

16. Mr. Bonarenko's response was to tell Plaintiff to talk with Ms. Tamez and explain that she was not gay and to also advise Ms. Hoffman about the situation.

17. On March 9, 2020, Plaintiff spoke with Ms. Hoffman during a 1:1 supervision meeting about the situation with Ms. Tamez. Plaintiff explained to Ms. Hoffman that Ms. Tamez was trying to get Plaintiff to disclose her sexual orientation and that it made her feel uncomfortable. Ms. Hoffman's main focus during the conversation was that Plaintiff had not told Ms. Tamez at that time that she felt uncomfortable. To Plaintiff, Ms. Hoffman seemed irritated that Plaintiff felt the need to complain to her about the situation with Ms. Tamez and was dismissive about Plaintiff's feelings regarding the situation. Ms. Hoffman directed Plaintiff to have a discussion with Ms. Tamez about how the conversation made her feel.

18. On March 13, 2020, when the COVID 19 pandemic was taking hold, Plaintiff called Ms. Hoffman and said that she would be speaking with her doctor about COVID 19 risk factors due to her underlying medical conditions.

19. In a meeting later that day, Plaintiff asked Ms. Hoffman if she could work from home as an accommodation due to her disabilities. Ms. Hoffman denied Plaintiff's request to work from home and stated she was expected to meet all her numbers. Ms. Hoffman also told Plaintiff that she should reconsider working in healthcare because "this won't be the last virus."

20. During that meeting, Ms. Hoffman also gave Plaintiff a 30-day performance improvement plan due to making her coworkers feel uncomfortable. Specifically, Ms. Hoffman stated, "This is not about your work performance, it's about you feeling the need to stand up for

4

yourself."

21. Ms. Hoffman also directed Plaintiff to draft a plan of action on how she would make her relationships at work better within 30 days but stated that her and Mr. Bonarenko did not feel that her plan would work anyway. At that time, as an alternative, Ms. Hoffman suggested that she transfer Plaintiff to the call center, which would have been a signifcant demotion. Ms. Hoffman then told Plaintiff to go home and talk about everything with her husband.

22. Ms. Tamez, who Plaintiff believed may have been standing in the hallway listening to the conversation, then came into the office where Ms. Hoffman and Plaintiff were talking and became involved in the conversation. After Ms. Tamez left, Ms. Hoffman offered that Ms. Tamez has people in her family who are gay and that Plaintiff should feel comfortable talking with her, which only made Plaintiff more uncomfortable because Ms. Hoffman was insinuating that Plaintiff was gay.

23. Due to Plaintiff's increased risk factors of COVID 19 and the denial of Plaintiff's accommodation request, Plaintiff went on medical leave.

24. On March 31, 2020, Ms. Hoffman called Plaintiff and asked if she was going to return to work, at which point Plaintiff said that she would have to discuss that with her doctor. Ms. Hoffman persisted and stated, "Well I have to make a decision on whether I need to fill the position."

25. Based upon the hostile work environment caused by Ms. Hoffman and others and the denial of her accommodation, Plaintiff did not feel comfortable returning to work.

**COUNT I**
**(TITLE VII – GENDER STEREOTYPE/SEXUAL ORIENTATION DISCRIMINATION)**

26. Plaintiff re-alleges paragraphs 1 through 25 and incorporates them as if fully set forth herein.

27. Title VII, 42 U.S.C. §2000e-2(a)(1), prohibits employers from discriminating against employees on the basis of gender and sex, including sexual orientation and gender stereotypes.

28. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her gender when it subjected her to a hostile work environment.

29. The conduct alleged herein created a hostile, intimidating, and offensive work environment that substantially interfered with Plaintiff's ability to perform her work.

30. As a result of Defendant's actions, Plaintiff has suffered significant emotional distress and anxiety.

31. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible gender discrimination.

32. Plaintiff demands to exercise her right to a jury trial of this matter.

**PRAYER FOR RELIEF AS TO COUNT I**

WHEREFORE, Plaintiff prays that the court order such relief as is necessary to make her whole, including:

a. Injunctive relief;

b. Compensatory damages for pain and suffering to make Plaintiff whole;

c. Punitive damages;

d. Attorneys' fees and costs incurred in this action;

e. Such other relief as is just and equitable.

**COUNT II**

**(TITLE VII – RETALIATION)**

33. Plaintiff re-alleges paragraphs 1 through 25 and incorporates them as if fully set forth herein.

34. Title VII prohibits employers from retaliating against employees for engaging in protected activity such as making complaints about gender/sex discrimination.

35. Plaintiff engaged in protected activity when she complained internally to Mr. Bonarenko and Ms. Hoffman.

36. By its conduct as alleged herein, Defendant retaliated against Plaintiff for complaining of gender/sex discrimination when it subjected her to a hostile work environment, a performance improvement plan, and suggested that she should take a demotion.

37. The conduct alleged herein created a hostile, intimidating, and offensive work environment that substantially interfered with Plaintiff's ability to perform her work.

38. As a result of Defendant's actions, Plaintiff has suffered significant emotional distress and anxiety.

39. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

40. Plaintiff demands to exercise her right to a jury trial of this matter.

**PRAYER FOR RELIEF AS TO COUNT II**

WHEREFORE, Plaintiff prays that the court order such relief as is necessary to make her whole, including:

    a. Injunctive relief;

    b. Compensatory damages for pain and suffering to make Plaintiff whole;

    c. Punitive damages;

      d.      Attorneys' fees and costs incurred in this action;

      e.      Such other relief as is just and equitable.

**COUNT III**
**(ADA – DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE)**

41.      Plaintiff re-alleges paragraphs 1 through 25 and incorporates them as if fully set forth herein.

42.      Title I of the Americans with Disabilities Act prohibits an employer from discriminating against an employee on the basis of disability, a record of disability, or because the employer regards the employee as having a disability.

43.      The ADA also requires employers to make reasonable disability accommodations to qualified individuals with a disability that do not create an undue hardship for the employer.

44.      Plaintiff is a qualified individual with a disability in that she could perform the essential functions of her job with an accommodation.

45.      By its conduct as alleged herein, Defendant discriminated against Plaintiff because of her disability by subjecting her to a hostile work environment based upon her disability.

46.      Defendant also failed to provide Plaintiff with the reasonable disability accommodation she requested.

47.      Defendant failed to engage Plaintiff in an interactive process to determine whether any alternative accommodations could be granted to her.

48.      The conduct alleged herein created a hostile, intimidating, and offensive work environment that substantially interfered with Plaintiff's ability to perform her work.

49. As a result of Defendant's actions, Plaintiff has suffered financial harm and considerable emotional distress and anxiety.

50. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of her right to be free from impermissible disability discrimination.

51. Plaintiff demands to exercise her right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT III

Wherefore, Plaintiff prays that this Court order such relief as is necessary to make her whole, including:

a. Injunctive relief;

b. Lost wages and other economic damages;

c. Compensatory damages for pain and suffering;

d. Punitive damages;

e. Attorneys' fees and costs incurred in this action;

f. Such other relief as is just and equitable.

g. The plaintiff requests a jury trial of this action.

**SONIA ROHOWSKY**

By:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith (ARDC No. 6180407 IL)
LAW OFFICES OF MICHAEL T. SMITH & ASSOCIATES, P.C.
10 Martingale Road, Suite 400
Schaumburg, Illinois 60173
(847) 466-1099

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SONIA ROHOWSKY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.** |
| **v.** ) | |
| ) | **Hon.** |
| **ALEXIAN BROTHERS – AHS** ) | |
| **MIDWEST REGION HEALTH CO.** ) | |
| **d/b/a AMITA HEALTH** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT**

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. <br> # 20M0417.01 | ☒ IDHR <br> ☐ EEOC | 2020CF2815 |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) | | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Ms. Sonia Rohowsky | | (847) 204-7414 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 402 S. Main Street | Mount Prospect, Illinois 60056 | MM / DD / YYYY |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Alexian Brothers-AHS Midwest Region Health Co., d.b.a., AMITA Health | | (800) 889-3931 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 2601 Navistar Drive | Lisle, Illinois 60532 | DuPage |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Sexual Harassment    Retaliation    Disabilities | 01/30/20    03/31/20 <br> ☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

**SEE ATTACHED**

Page 1 of 7

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

State of IL
County of Cook
Signed before me on this 13th day of August 2020 by Sonia Marie Rohowsky

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 13th DAY OF August 2020

X *Galyna Kirylau*
NOTARY SIGNATURE

GALYNA KIRYLAU
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
March 22, 2022

NOTARY STAMP

X *Ms. Sonia Rohowsky*    8-13-2020
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

EEO-5 FORM (Rev. 7/12-INT)

Charge Number: 2020CF2815
Complainant: Sonia Rohowsky
Page 2 of 7

I.    A.    ISSUE/BASIS

         SEXUAL HARASSMENT – JANUARY 30, 2020, DUE TO MY SEX, FEMALE

     B.    PRIMA FACIE ALLEGATIONS

1. My sex is female.

2. My performance as a Clinical Mission Integration Program Manager met Respondent's expectations. I was hired on or about April 31, 2018.

3. On January 30, 2020, Lisa Tamez (female), Clinical Mission Integration Program Manager, sexually harassed me when she initiated a discussion about her church not accepting homosexuality, told me that I could talk to her about anything, and told me that she was not judgmental, which I interpreted as her assuming that I was homosexual and inquiring about my sexual orientation.

4. On February 24, 2020, I complained about the sexual harassment to Mark Bonarenko, Manager, who told me to talk with Tamez and tell her that I was not gay, and to talk with my direct supervisor, Heather Hoffman, Clinical Mission Integration Regional Director. On March 9, 2020, I complained about the sexual harassment to Hoffman, who encouraged me to talk directly with Tamez, told me that Tamez had not intended to personally question me, and told me that I had misinterpreted Tamez's intentions.

5. The conduct was unwelcome and created a hostile, intimidating or offensive work environment that substantially interfered with my ability to perform my job.

II.    A.    **ISSUE/BASIS**

          **HARASSMENT – ON OR ABOUT FEBRUARY 24, 2020 THROUGH MARCH 13, 2020, IN RETALIATION FOR COMPLAINING ABOUT SEXUAL HARASSMENT**

    B.    **PRIMA FACIE ALLEGATIONS**

        1.    On February 24, 2020, I engaged in a protected activity when I complained about sexual harassment from Lisa Tamez, Clinical Mission Integration Program Manager, to Mark Bonarenko, Manager, and on March 9, 2020, when I complained about sexual harassment from Tamez to Heather Hoffman, Clinical Mission Integration Regional Director.

        2.    From on or about February 24, 2020 through March 13, 2020, Respondent subjected me to a hostile work environment, in that:

            a.    On or about February 24, 2020, Bonarenko directed me to inform Hoffman about the incident and to speak to Tamez and inform her that I was not gay.

            b.    On March 9, 2020, Hoffman asked me why I had waited so long to inform her of the incident, implied that my anxiety was causing me to misinterpret the situation, and encouraged me to speak to Tamez and inform her that I had felt harassed by the comments that she had made to me on January 30, 2020.

            c.    On March 13, 2020, Hoffman readdressed the incident regarding Tamez with me, stated "I don't see how this is going to work", and offered to transfer me to Respondent's call center, which would be a demotion.

        3.    The conduct created a hostile, intimidating or offensive work environment that substantially interfered with my ability to perform my job.

        4.    The adverse actions followed my involvement in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

III.   A.    ISSUE/BASIS

        HARASSMENT – MARCH 13, 2020 AND MARCH 31, 2020, DUE TO MY DISABILITY, ASTHMA

    B.    PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability as defined under section 1-103(I) of the Illinois Human Rights Act.

2. Respondent is aware of my disability.

3. My performance as a Clinical Mission Integration Program Manager met Respondent's expectations. I was hired on or about April 31, 2018.

4. On March 13, 2020 and on March 31, 2020, Respondent subjected me to a hostile work environment, in that:

    a. On March 13, 2020, Heather Hoffman, Clinical Mission Integration Regional Director, asked me if I wanted to reconsider working in healthcare as the coronavirus would not be the last virus.

    b. On March 31, 2020, Hoffman called me and asked me if I had decided if I would return to work or not.

5. The conduct created a hostile, intimidating or offensive work environment that substantially interfered with my ability to perform my job.

6. My disability is unrelated to my ability to perform the essential functions of the job with or without reasonable accommodation.

7. Respondent treated similarly-situated non-disabled employees differently under similar circumstances.

Charge Number: 2020CF2815
Complainant: Sonia Rohowsky
Page 5 of 7

IV.   A.   ISSUE/BASIS

HARASSMENT – MARCH 13, 2020 AND MARCH 31, 2020, DUE TO MY DISABILITY, HYPERTENSION

B.   PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability as defined under section 1-103(I) of the Illinois Human Rights Act.

2. Respondent is aware of my disability.

3. My performance as a Clinical Mission Integration Program Manager met Respondent's expectations. I was hired on or about April 31, 2018.

4. On March 13, 2020 and on March 31, 2020, Respondent subjected me to a hostile work environment, in that:

   a. On March 13, 2020, Heather Hoffman, Clinical Mission Integration Regional Director, asked me if I wanted to reconsider working in healthcare as the coronavirus would not be the last virus.

   b. On March 31, 2020, Hoffman called me and asked me if I had decided if I would return to work or not.

5. The conduct created a hostile, intimidating or offensive work environment that substantially interfered with my ability to perform my job.

6. My disability is unrelated to my ability to perform the essential functions of the job with or without reasonable accommodation.

7. Respondent treated similarly-situated non-disabled employees differently under similar circumstances.

V.     A.     ISSUE/BASIS

         HARASSMENT – MARCH 13, 2020 AND MARCH 31, 2020, DUE TO MY DISABILITY, BILATERAL PULMONARY EMBOLISM

    B.     PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability as defined under section 1-103(I) of the Illinois Human Rights Act.

2. Respondent is aware of my disability.

3. My performance as a Clinical Mission Integration Program Manager met Respondent's expectations. I was hired on or about April 31, 2018.

4. On March 13, 2020 and on March 31, 2020, Respondent subjected me to a hostile work environment, in that:

    a. On March 13, 2020, Heather Hoffman, Clinical Mission Integration Regional Director, asked me if I wanted to reconsider working in healthcare as the coronavirus would not be the last virus.

    b. On March 31, 2020, Hoffman called me and asked me if I had decided if I would return to work or not.

5. The conduct created a hostile, intimidating or offensive work environment that substantially interfered with my ability to perform my job.

6. My disability is unrelated to my ability to perform the essential functions of the job with or without reasonable accommodation.

7. Respondent treated similarly-situated non-disabled employees differently under similar circumstances.

VI.     A.     **ISSUE/BASIS**

                **PERFORMANCE IMPROVEMENT PLAN (PIP) – MARCH 13, 2020, IN RETALIATION FOR COMPLAINING ABOUT SEXUAL HARASSMENT**

        B.     **PRIMA FACIE ALLEGATIONS**

                1.     On February 24, 2020, I engaged in a protected activity when I complained about sexual harassment from Lisa Tamez, Clinical Mission Integration Program Manager, to Mark Bonarenko, Manager, and on March 9, 2020, when I complained about sexual harassment from Tamez to Heather Hoffman, Clinical Mission Integration Regional Director.

                2.     On March 13, 2020, Hoffman placed me on a performance improvement plan (PIP) for causing disruption in my team and because I felt the need to stand up for myself.

                3.     The adverse action followed my involvement in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SONIA ROHOWSKY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.** |
| **v.** ) | |
| ) | **Hon.** |
| **ALEXIAN BROTHERS – AHS** ) | |
| **MIDWEST REGION HEALTH CO.** ) | |
| **d/b/a AMITA HEALTH** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT**

# EXHIBIT B

11



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

JCK Federal Building
230 S. Dearborn
Suite 1866 (Enforcement, Sate and Local & Hearings)
Suite 2920 (Legal & ADR)
Chicago, IL 60604
Chicago Direct Dial: (312) 872-9777
Enforcement/File Disclosure Fax: (312) 588-1260
Website: www.eeoc.gov

IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE. THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.

IDHR CHARGE NUMBER:     2020CF2815     SONIA ROHOWSKY

# **EEOC NOTICE OF CHARGE FILED**

You are filing a charge of employment discrimination with the Illinois Department of Human Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also have a record of IDHR's charge of discrimination.

You are encouraged to cooperate with IDHR in the investigation of your charge. The final findings and orders of that agency may be adopted by the EEOC.

IDHR will process your charge. Under section 1601.76 of EEOC's regulations, you are entitled to request that EEOC review IDHR's investigation and findings. To obtain this review, you must request it by writing to this office within 15 days of your receipt of IDHR's final findings of your case. If we do not receive such a request for a review, EEOC will likely accept IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of any prolonged absence from your current address. Your cooperation in this matter is essential.

PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPOINTMENT IS REQUIRED, CALL (312) 869-8000 OR 1-800-669-4000.


EEOC NOTICE



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office
230 S. Dearborn Street
Chicago, Illinois 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/23/2022

**To:** Sonia Rohowsky
c/o J. Damian Ortiz, Esq.
UIC John Marshall Law School Pro Bono Litigation Clinic
300 S. State Street, MC 300
Chicago, IL 60604

**Charge No: 21B-2020-01605**

EEOC Representative and email:  Sherice Galloway
Acting Coordinator / State, Local & Tribal
sherice.galloway@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 21B-2020-01605.

On Behalf of the Commission:

Digitally Signed By:Julianne Bowman
03/23/2022
Julianne Bowman
District Director

**Cc:**

ALEXIAN BROTHERS, DBA AMITA HEALTH.
c/o Jill Cheskes, Esq.
Vice President / General Counsel
2601 Navistar Drive
Lisle, IL 60532